United States District Court

Eastern District of California

Mario Hatri Wooten,

     Plaintiff,                    No. Civ. S 02-2410 DFL PAN P

  vs.                           Findings and Recommendations

Sacramento Police Department et al.,

     Defendants.

-oOo-

    Plaintiff, a state prisoner without counsel, seeks to commence a civil rights action pursuant to 42 U.S.C. § 1983. He has submitted an affidavit requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The in forma pauperis statute permits federal district courts to,

    authorize the commencement, prosecution or defense of

>  any suit, action or proceeding, civil or criminal . . .
>  without prepayment of fees or security therefor, by a
>  person who submits an affidavit that includes a
>  statement of all assets such prisoner possesses that
>  the person is unable to pay such fees or give security
>  therefor.  Such affidavit shall state the nature of the
>  action . . . and affiant's belief that the person is
>  entitled to redress.

28 U.S.C. § 1915(a)(1).  A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous or without merit.  <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113 (9th Cir. 1998).  A claim is frivolous or without merit if there is no legal theory upon which the plaintiff could prevail.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989) (federal court may dismiss sua sponte "claims of infringement of a legal interest which clearly does not exist).  Plaintiff seeks to proceed under 42 U.S.C. § 1983 and so he must allege an individual deprived him of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48-49 (1988).

   Plaintiff alleges police seized his cell phone and case during an arrest and have not returned them.  Plaintiff does not challenge the legality of the stop or ensuing search during which the phone was seized.  Plaintiff seeks the return of his phone and case and damages for mental anguish resulting from the "theft."

   A state employee's unauthorized intentional deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

2

Amendment if a meaningful postdeprivation remedy for the loss is available. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>see also</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir.1994) ("[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). Plaintiff has an adequate post-deprivation remedy in the state courts. <u>See</u> <u>Minsky v. City of Los Angeles</u>, 113 Cal.Rptr. 102, 109 (Cal. 1974) ("[T]he government in effect occupies the position of a bailee when it seizes from an arrestee property that is not shown to be contraband.").

    The allegations implicate no federal right and so plaintiff fails to claim infringement of an interest cognizable under § 1983.

    Accordingly, plaintiff's application for leave to proceed in forma pauperis should be denied and this case should be closed.

    These findings and recommendations are submitted to the United States District Judge assigned to this case. Written objections may be filed within 20 days of service of these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

    Dated: June 2, 2005.

                             /s/ Peter A. Nowinski
                             PETER A. NOWINSKI
                             Magistrate Judge